UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-24708

JUAN ABEL FAJARDO,

    Plaintiff,

vs.

MASPONS FUNERAL HOME, INC., and
MARIA MASPONS, Individually,

    Defendants,
    _____/

## COMPLAINT

    Plaintiff, JUAN ABEL FAJARDO, sue Defendants, MASPONS FUNERAL HOME, INC. and MARIA MASPONS, for back wages owed to them that Defendants failed to pay as follows:

*Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Juan Abel Fajardo**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who consents to participate in this lawsuit. [DE 1-1.]

    2.    **Defendant, Maspons Funeral Home, Inc. ("Maspons")**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains it main office and principal place of business here, in Miami-Dade County, Florida.

    3.    **Defendant, Maria Maspons**, was and is an officer, owner, and operator of Maspons for the relevant time period. She ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. Ms. Maspons works in Miami-Dade County, Florida.

8603 S. Dixie Highway, Suite 408, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

4.      Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203(d).

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain their office and principal place of business in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurred within this District.

6.      This Court has original jurisdiction over Plaintiff's FLSA claim.

### *Background Facts*

7.      Defendants have been at all times material engaged in interstate commerce in the course of their embalming of, burial of, cremation of, and transporting of cadavers. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment(s) involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

8.      Defendants own and operate a funeral home in South Florida. To perform their business, Defendants utilize vans, embalming and supplies, furniture, computers, telephones, phone systems, and other materials and supplies to engage in interstate commerce. Defendants also purchase and sell caskets, urns, and books and prayer cards that have traveled in interstate commerce. Furthermore, Defendants advertise and market their services on the Internet at http://www.masponsfuneral.com/, a domain registered through Directnic.com – a foreign corporation.

2

8603 S. Dixie Highway, Suite 408, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

9. Plaintiff worked for Defendants from June 30, 2011 through November 30, 2015. To the extent that records exist regarding the exact dates of his employment exist, such records are in the exclusive custody of Defendants.

10. Defendants agreed to pay each Plaintiff the amount of $8.50 per hour.

11. Plaintiff worked anywhere from 35 to 65 hours per week, but Defendants failed to pay him overtime unless his total bi-weekly hours exceeded 80 hours.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his operating vehicles and using cellular telephones, and other goods and supplies that moved through interstate commerce.

13. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

14. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

**COUNT I – FLSA OVERTIME WAGE VIOLATION**

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further allege as follows:

15. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

16. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times their regular rate of pay for each of the overtime hours worked during the relevant time period.

17. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the

3

Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime based on the hours worked in a single workweek, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

18. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Juan Abel Fajardo, and Ernesto Peralta, demands the entry of a judgment in their favor and against Defendants, Maspons Funeral Home, Inc. and Maria Maspons, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

d. That Plaintiff recover all interest allowed by law if the Court disallows liquidated damages; and

e. Such other and further relief as the Court deems just and proper.

8603 S. Dixie Highway, Suite 408, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 22nd day of December, 2015.

                                        Respectfully Submitted,

                                        FAIRLAW FIRM
                                        *Counsel for Plaintiff*
                                        8603 S. Dixie Highway
                                        Suite 408
                                        Miami, FL 33143
                                        Tel:    305.230.4884
                                        Fax:   305.230.4844

                                        *s/Brian H. Pollock, Esq.*
                                        Brian H. Pollock, Esq.
                                        Fla. Bar No. 174742
                                        brian@fairlawattorney.com

5

8603 S. Dixie Highway, Suite 408, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com