UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-CV-24708-LENARD/GOODMAN

JUAN ABEL FAJARDO,

    Plaintiff,

v.

MASPONS FUNERAL HOME, INC., and
MARIA MASPONS, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'**
**SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Juan Abel Fajardo, (hereinafter referred to as "Plaintiff") and Defendants, Maspons Funeral Home, Inc. and Maria Maspons (hereinafter referred to as "Defendants") by and through their undersigned Counsel, file this Joint Motion for Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. Ga. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

Moreover, Plaintiff was represented by counsel in an adversarial proceeding. *See, Martin v. Spring Break '83 Prods.*, LLC, 2012 U.S. App. LEXIS 15285 (5th Cir. July 24, 2012)(*Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel). *See also, Moreno v. Ferretti Group of America, LLC et al.*, 10-24507-CIV-Turnoff, [DE 87], (S.D. Fla. 11/7/12) and *Torres v. Villa Serena,* 12-20698-CIV-Lenard, [DE 41], (S.D. Fla. 11/16/12), both *citing*, *Martin v. Spring Break '83 Prods.*, *supra.*

Plaintiff, who worked as a driver/attendant at Maspons Funeral Home until July 28, 2015, filed a claim alleging unpaid overtime wages on December 22, 2015.  More specifically, Plaintiff alleged that he worked five hours of overtime a week from December 22, 2012 until July 28, 2015.  Maspons maintained a copy of Plaintiff's time cards that reflected the number of hours he worked each week.  Plaintiff was compensated at an hourly rate.  In 2013 until December 17, 2014, Plaintiff was compensated at the hourly rate of $8.00.  From December 18, 2014 until the end of his employment (July 28, 2015), Plaintiff was compensated at the hourly rate of $8.50. Defendants dispute Plaintiff's allegations and calculations, which did not take into account days that he did not report to work, and/or the time off for personal matters, including vacation.  Defendants also disputed that Defendant, Maria Maspons, was Plaintiff's "employer" as defined by the Fair Labor Standards Act.

There are material disputes as to Plaintiff's overtime claim in the case and as to whether Defendant Maria Maspons was a properly named Defendant in this action. Therefore, in order to avoid the costs and uncertainty of litigation, the Parties have compromised and negotiated in good faith a settlement in this matter.  Plaintiff's recovery

in this case is for back wages and liquidated damages. The settlement agreement also provides for the amount of attorney's fees payable to counsel for Plaintiff. It is the Parties' contention that in light of the issues in dispute, this is a fair and reasonable settlement and should be approved by this court. The Parties have attached the settlement agreement as ***Exhibit "A"*** for review by the Court. Should the Court approve this settlement agreement, the Parties further request that the Court retain jurisdiction to enforce the terms of the agreement, as the settlement funds are due within ten (10) days from the date that the Court issues its Order of approval.

**[THIS SECTION LEFT BLANK INTENTIONALLY]**

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice against all Defendants and (3) retaining jurisdiction to enforce the terms of the agreement.

Respectfully submitted,

| Dated: March 31, 2016 | Dated: March 31 2016 |
|---|---|
| /s/ | /s/    Ena T. Diaz |
| Brian Pollock | Ena T. Diaz |
| Florida Bar No. 174742 | Florida Bar No. 0090999 |
| FairLaw Firm | Ena T. Diaz, P.A. |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |
| 8603 S. Dixie Highway, #408 | 999 Ponce De Leon Blvd. #720 |
| Miami, FL 33143 | Coral Gables, FL 33134 |
| Ph.  305-230-4884 | Ph. 305-377-8828 |
| Fax.  305-230.4844 | Fax. 305-356-1311 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the *Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice* with the Clerk of Court by using the CM/ECF system which will in turn send a notice of electronic filing to Brian H. Pollock, Esq. FairLaw Firm 8603 South Dixie Highway, Suite 408 Miami, FL 33143 this 31st day of March 2016.

/s/ Ena T. Diaz

4