# FLSA SETTLEMENT AGREEMENT

This FLSA Settlement Agreement ("Agreement"), is made and entered into by and between **MASPONS FUNERAL HOME, INC.,** on behalf of itself, parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, joint employers, and the current and former officers, managing members, directors, owners, and agents thereof; and **MARIA MASPONS,** on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively, and jointly and severally referred to throughout this Agreement as **"DEFENDANTS"**), and **JUAN ABEL FAJARDO,** on behalf of himself, his heirs, executors, administrators, successors, and assigns (singularly and collectively referred to throughout this Agreement as **"PLAINTIFF FAJARDO"**), who are collectively referred to as "the Parties".

WHEREAS, a dispute has arisen between PLAINTIFF FAJARDO, MASPONS FUNERAL HOME, INC. AND MARIA MASPONS, concerning allegations that PLAINTIFF FAJARDO has made in Complaint styled as *Juan Abel Fajardo, Plaintiff v. Maspons Funeral Home, Inc., Maria Maspons, individually, Defendants,* Case No. 15-cv-24708 -JAL, currently pending in the United States District Court for the Southern District of Florida (referred to hereafter as the "Lawsuit");

WHEREAS, DEFENDANTS deny the validity of PLAINTIFF FAJARDO'S claims and deny that they are subject to any liability;

WHEREAS, the parties wish to resolve and settle their differences without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals**. The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**. In consideration for signing this Agreement and compliance with the promises made herein, DEFENDANTS (on behalf of all parties to the Lawsuit) shall pay to PLAINTIFF FAJARDO the total sum of SEVEN THOUSAND TWO HUNDRED FIFTY DOLLARS ($7,250), allocated as follows:

   a. DEFENDANTS shall issue payment in the amount of Four Thousand Two Hundred and Fifty Dollars ($4,250.00), made payable to the FairLaw Firm. The payment referenced in this subparagraph 2(a) represents the payment of attorney's fees



($3,758.0)) and costs ($492.00). Counsel for PLAINTIFF FAJARDO shall submit a W-9 Form at the time he provides a signed copy of the Agreement to Counsel for DEFENDANTS.

        b.    DEFENDANTS shall issue payment in the amount of Three Thousand Dollars ($3,000.00), in two separate checks made payable to Juan Abel Fajardo as follows: (1) a check in the amount of One Thousand Five Hundred Dollars ($1,500.00) for the alleged unpaid overtime for which the applicable tax deductions shall be taken and a Form W-2 issued; AND (2) A check in the amount of One Thousand Five Hundred ($1,500.00) in liquidated damages for which a Form 1099 shall be issued.

        c.    The settlement proceeds discussed above shall be delivered to counsel for PLAINTIFF FAJARDO within ten (10) days of the Court's order approving the Settlement Agreement.

        d.    Any employee tax obligation arising from the payments made to PLAINTIFF FAJARDO under subparagraph 2(b) of this Agreement will be PLAINTIFF FAJARDO'S sole responsibility. PLAINTIFF FAJARDO hereby agrees that in the event the United States Internal Revenue Service, or any federal, state or local government agency requires DEFENDANTS to pay for or on behalf of PLAINTIFF FAJARDO any amount in the nature of federal, state or local taxes or surcharges, or any interest or penalties related to the above-referenced payment. PLAINTIFF FAJARDO shall (1) reimburse DEFENDANTS for any such amounts paid out or payable, (2) indemnify and hold DEFENDANTS harmless for such amounts and (3) defend and/or pay all attorney's fees necessary to defend DEFENDANTS in any and all actions brought against it to recover such amounts. PLAINTIFF FAJARDO acknowledges that he has not relied on any statements or representations by DEFENDANTS with respect to the tax treatment of such payments.

        3.    **No Consideration Absent Execution of this Agreement.** PLAINTIFF FAJARDO understands and agrees that he would not receive the monies and/or benefits specified in paragraph "2" above, except for his execution of this Agreement and the fulfillment of the promises contained herein. The payment reflected in paragraph "2" is made in full and final settlement and resolution of the Lawsuit.

        4.    **Release of Claims by PLAINTIFF FAJARDO.** PLAINTIFF FAJARDO knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, MASPONS FUNERAL HOME, INC., its' parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, joint employers, and the current and former officers, managing members, directors, owners, and agents thereof, including, DEFENDANT MARIA MASPONS, her heirs, predecessors, successors and assigns, of and from any and all claims, known and unknown, asserted and unasserted or that PLAINTIFF FAJARDO has or may have against the Released Parties, which arise out of or are in any way connected with any loss, damage or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of Defendants as of the date of execution of this Agreement, under the Fair Labor Standards Act, as amended, only. No claim(s) other than those under the Fair Labor Standards Act, as amended, are released herein.

5. **Confidentiality.** Plaintiff agrees not to disclose any information regarding the existence or substance of this Agreement, except to his spouse, tax advisor, and/or legal counsel with whom he chooses to consult regarding his consideration of this Agreement, and except as otherwise required by law or court order. In response to any inquiry regarding Plaintiff's employment with Defendants, Defendants shall confirm Plaintiff's dates of work, position(s) held, and rate(s) of pay, but without reference to any claim, lawsuit, nor the resolution thereof.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties agree that the U.S. District Court shall retain jurisdiction to enforce the terms of this Agreement.

7. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by DEFENDANTS of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

9. **Successors and Assigns.** This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. PLAINTIFF FAJARDO expressly warrants that he has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

10. **Selective Enforcement.** The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

11. **Copy of Agreement Valid.** The parties agree that this Agreement may be executed in counterparts, and that a executed .pdf or paper copies of this Agreement shall be valid and binding to the same extent as an original.

12. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. PLAINTIFF FAJARDO acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**PLAINTIFF FAJARDO IS HEREBY ADVISED THAT HE HAS A REASONABLE PERIOD OF TIME TO REVIEW THIS SETTLEMENT AGREEMENT AND THAT HE SHOULD CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FAJARDO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST MASPONS FUNERAL HOME, INC. AND MARIA MASPONS THAT ARISE FROM THE FAIR LABOR STANDARDS ACT.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement as of the date(s) set forth below:

_____
JUAN ABEL FAJARDO
Date: 3-29-2016

MASPONS FUNERAL HOME, INC.

By:_____
    Name: Eric Maspons
    Title: President

Date:_____

_____
MARIA MASPONS, individually

Date:_____

[4]

12. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. PLAINTIFF FAJARDO acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

PLAINTIFF FAJARDO IS HEREBY ADVISED THAT HE HAS A REASONABLE PERIOD OF TIME TO REVIEW THIS SETTLEMENT AGREEMENT AND THAT HE SHOULD CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FAJARDO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST MASPONS FUNERAL HOME, INC. AND MARIA MASPONS THAT ARISE FROM THE FAIR LABOR STANDARDS ACT.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement as of the date(s) set forth below:

MASPONS FUNERAL HOME, INC.

_____
JUAN ABEL FAJARDO

Date:_____

By: *[signature]*
Name: Eric Maspons
Title: President

Date: 3/30/2016

*[signature]*
MARIA MASPONS, individually

Date: 3/30/2016

[ 4 ]